UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:
LIKEMIND BRANDS, CIN.

Case No. 24-02042
Chapter 11
Hon. Jaems W. Boyd

_____ Debtor(s) /

# COVER SHEET FOR MOTION TO USE CASH COLLATERAL OR TO OBTAIN CREDIT

The debtor has filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (5) Provisions that prime any lien without that lienholder's consent. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (8) Provisions for the payment of prepetition debt. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | ☐ Yes<br>☑ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | ☐ Yes<br>☑ No | Page ____ , ¶ ____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | ☐ Yes<br>☑ No | Page ____ , ¶ ____ |
| (16) Provisions that purport to bind a subsequent trustee. | ☐ Yes<br>☑ No | Page ____ , ¶ ____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | ☐ Yes<br>☑ No | Page ____ , ¶ ____ |

Date: 08/04/2024                    /s/ Perry G. Pastula

                                                     [Debtor's counsel]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

In re

LIKEMIND BRANDS INC.

Debtor.

Chapter 11
Case No.

Hon. James W. Boyd

---

**MOTION OF DEBTOR FOR ENTRY ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION AND RELATED RELIEF TO PRE-PETITION SECURED PARTIES, (III) SCHEDULING A FINAL HEARING AND (IV) GRANTING RELATED RELIEF**

The Debtor, Likemind Brands Inc. ("**Debtor**") in the above-captioned case hereby files this motion (the "**Motion**") for entry of (I) Order Authorizing Use of Cash Collateral, (II) Granting Adequate Protection and Related Relief to Pre-Petition Secured Parties, (III) Scheduling a Final Hearing to consider the relief requested herein on a final basis, and (IV) granting related relief. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Justin Trump in Support of Debtor's Motions and Requests for First Day Relief* (the "**First Day Declaration**") filed on August 2, 2024. In support of the Motion, the Debtor by and through the undersigned counsel, states as follows:

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and W.D. Mich. LGenR 3.1. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 Case and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested by this Motion are sections 105(a), 361, 362, and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and LBR 4001-2 and 9013 of the Local Rules of United States Bankruptcy Court for the Western District of Michigan (the "**Local Bankruptcy Rules**").

3. Pursuant to LBR 7008, the Debtor consents to entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

**A. Overview**

4. On August 2, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under Subchapter V of chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). The Debtor continues to operate its business and manage its properties as Debtor-In-Possession pursuant to section 1184 of the Bankruptcy Code. The Debtor is waiting upon the appointment of a sub chapter V Trustee pursuant to 11 U.S.C. § 1183.

5. The Debtor is an online e-commerce seller of various products such as toys, restaurant supplies and car care products through online third party marketplaces such as Amazon, Ebay and Mercari. The Debtor also has its own brand of products sold under the brand name of CAT Outdoors. Cat Outdoors manufactures tools and gear for the firearms/tactical industry. The Debtor also generates commissions from its website through which it refers clients to other online sellers, a tool known as affiliate marketing.

6. The Debtor commenced its operations in 2017. It gradually grew its sales revenues from $2,846,344 in 2019 to $5,086,870 in 2023. The Debtor's business required it to

purchase large amounts of inventory. In 2023, the Debtor was struggling got keep product in stock. One of its vendors required the Debtor to maintain back-orders for products and the Debtor never know when the product would become available. When product became available, the Debtor would need to come up with large sums of money on short notice to pay for the inventory. The Debtor began borrowing funds to make the inventory purchases.

7. A significant amount of inventory has remain unsold. This has significantly impacted the Debtor's cash flow and ability to service its debt load.

8. The Debtor has taken measures to increase its profitability and will continue to do so. This includes increasing the amount of commission it earns from affiliated marketing. The affiliated marketing income has increased month over month since January, 2024. The Debtor will continue to add content to its website which will help boost the affiliated marketing income.

9. The Debtor has ended its relationship with the vendor who required the Debtor to maintain back-orders of product. This vendor never provided the Debtor with ample notice of when product would become available and the cash demand required to fund the purchase. The product purchased from this vendor also required the Debtor to maintain significant staff to perform preparation work to process the products. The Debtor has reduced its staff from as many as 10 people down to 2 people, namely the Debtor's 2 shareholders, Justin Trump and Hallie Trump.

**B.    The Pre-Petition Debts Secured by a Security Interest in Cash Collateral**

10. The following is a list of the amounts owed to creditors asserting a security interest in the Debtor's cash collateral, consisting of accounts, accounts receivable and inventory and the amount owed, (collectively, "**Cash Collateral Secured Creditors**"):

|    | **Creditor**                                  | **Amount owed** |
|----|-----------------------------------------------|-----------------|
| a. | Seller's Funding                              | $   9,801       |
| b. | Amazon Capital                                | $569,263        |
| c. | US Small Business Administration              | $475,862        |
| d. | JP Morgan Chase                               | $101,295        |
| e. | Channel Partners Capital                      | $  96,852       |
| f. | Emerald Group Holdings LLC d/b/a VitalCap     | $116,906        |

Some of the Cash Collateral Secured Creditors also assert a security interest in other assets of the Debtor including general intangibles, goods, machinery and equipment.

### REQUEST FOR USE OF CASH COLLATERAL

11.     The Debtor requires the use of cash collateral to make payments necessary for the continuation of its business.  Attached **Exhibit A** is a cash budget reflecting the anticipated revenues and necessary expenditures during the weeks of August, 2024 and the months of September through December, 2024.  The Debtor requests authorization to use cash collateral for the five weeks, pending a final hearing on the Motion. The Debtor further requests authorization to continue to use cash collateral after the final hearing during the course of the bankruptcy case..

12.     The Debtor expects to generate sufficient revenue to pay the anticipated expenditures.

13.     The Debtor desires to use cash collateral with the authority of this Court pursuant to 11 U.S.C. § 363 (c)(2)(B).  In the event the Debtor is able to obtain the consent of each entity within an interest in cash collateral, the Debtor seeks approval pursuant to U.S.C. § 363 (c)(2)(A).

14. The approximate values of the cash collateral are as follows:

| Assets | Value |
|---|---|
| Inventory-CAT Outdoors | $ 3,988 |
| Inventory-Resale items | $ 100,000 |
| Accounts Receivable | $ 124 |
| Total Cash Collateral | $ 104,112 |

15. The Debtor requires the use of cash collateral to meet its operating expenses as set forth in the budget attached hereto as **Exhibit A**.

16. If the Debtor is not authorized to use cash collateral pending a final hearing on this Motion, it will suffer immediate and irreparable harm in that it will not have the ability to operate going forward. This will result in the loss of the going concern value of the Debtor's business, reduce the value of its assets and loss of employment of the Debtor's employees.

17. The Debtor is taking various cost saving acts to minimize its expenses. In addition it is taking action to increase its revenues.

18. The filing of the chapter 11 case and the authorization to use cash collateral will enable the Debtor to continue its business operations and maximize the value of its assets for the benefit of all of its creditors.

19. The bankruptcy filing was prompted by Emerald Group Holdings LLC (VITALCAP) giving notice of a claim to the Debtor's funds owing by Amazon. This is not withstanding the fact that VITALCAP claims a security interest in the Debtor's Amazon funds, which is subordinate to the higher priority secured creditors listed above. In addition VITALCAP failed to timely perfect its security interest in the Debtor's assets. VITALCAP

advanced funds to the Debtors in January 2024, but did not file its UCC1 Financing Statement until June 17, 2024.

## ADEQUATE PROTECTION

20. The Debtor has offered the following adequate protection to the cash collateral secured creditors:

a. Granting the Cash Collateral Secured Creditors with a continuing and replacement security interest in the Debtor's cash collateral, but excluding any rights of the Debtor and Debtor-In-Possession under 11 U.S.C. § § 544, 545, 546, 547, 548, 549 and 550, in the same order, rank and priority and with the same validity that existed as of the Petition Date. However, the Cash Collateral Secured Creditors will not improve their position regarding the value of their secured claims and cash collateral as of the Petition Date. Moreover, the continuing replacement security interest will not grant the Cash Collateral Secured Creditors an interest in any property for which the Cash Collateral Secured Creditor did not have a properly perfected security interest as of the Petition Date.

b. The Debtor will provide the Cash Collateral Secured Creditors, Subchapter V Trustee and Office of the United States Trustee with financial information regarding the cash collateral as reasonably requested.

## RELIEF REQUESTED

21. In accordance with Bankruptcy Rule 4001 (b)(2), the Debtor requests the Court conduct a preliminary hearing on the Debtor's Motion to allow use of cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing. This includes authorizing use of the cash collateral pursuant to the budget attached hereto as **Exhibit A**.

22. The Debtor further requests that the Court commence a final hearing on the

Motion no earlier than fourteen days after service of the Motion and notice of hearing on the parties required by Bankruptcy Rule 4001 (b)(1) and that at the final hearing the Court authorize continued use of cash collateral.

23. The Debtor requests that the Court issue an order setting the preliminary hearing on the Motion and that at the preliminary hearing the Court enter the proposed order attached hereto as **Exhibit B**.

24. The Debtor requests that at the final hearing on the Motion the Court enter an order authorizing continued use of cash collateral during the pendency of this bankruptcy case.

WHEREFORE, for the reasons set forth herein, the Debtor requests that the Court grant the relief requested in this Motion and grant such other and further relief it deems just and proper.

                                                DUNN, SCHOUTEN & SNOAP, P.C.

Dated: August 4, 2024                By:   /s/ Perry G. Pastula
                                                Perry G. Pastula (P35588)
                                                Attorneys for Debtor and Debtor-In-Possession
                                                2745 DeHoop Ave. SW
                                                Wyoming, MI 49509
                                                616-538-6380
                                                ppastula@dunnsslaw.com

# EXHIBIT A

| | 8/5/2024 | 8/12/2024 | 8/19/2024 | 8/26/2024 | September | October | November | December | Year End |
|---|---|---|---|---|---|---|---|---|---|
| Sales Revenues | $60,000.00 | | $54,500.00 | | $115,000.00 | $126,000.00 | $165,000.00 | $195,000.00 | $715,500.00 |
| | | | | | | | | | $0.00 |
| Inventory Purchases | | $7,500.00 | $20,000.00 | | $20,000.00 | $35,000.00 | $45,000.00 | $30,000.00 | $157,500.00 |
| Advertising and Marketing | | | | | | | | | $0.00 |
| Amazon closing, fulfillment and other fees | $27,280.12 | | $27,280.12 | | $52,500.00 | $57,500.00 | $75,000.00 | $90,000.00 | $329,560.24 |
| Bank Fees | $30.00 | | | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $180.00 |
| Credit Card fees | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Dental and Health Ins. | $165.16 | | $165.16 | | $165.16 | $165.16 | $165.16 | $165.16 | $990.96 |
| Education and Training | | | | | | | | | $0.00 |
| Electric | $338.72 | | $286.00 | | $339.00 | $339.00 | $339.00 | $339.00 | $1,980.72 |
| Internet | $203.00 | | | | $203.00 | $203.00 | $203.00 | $203.00 | $1,015.00 |
| Payroll | | $4,500.00 | | | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $22,500.00 |
| Payroll taxes | $1,200.00 | | | | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 | $6,000.00 |
| Business Insurance | $456.50 | | | | $456.50 | $456.50 | $456.50 | $456.50 | $2,282.50 |
| Meals and Entertainment | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Membership Fees | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Mercari Fees | | | | | | | | | $0.00 |
| Office Supplies | $264.00 | $401.00 | $264.00 | $264.00 | $1,193.00 | $1,193.00 | $1,326.00 | $1,723.00 | $6,628.00 |
| Rent | $0.00 | $0.00 | $0.00 | $0.00 | $2,802.51 | $2,802.51 | $2,802.51 | $2,802.51 | $11,210.04 |
| Quickbook fees | | | | | | | | | $0.00 |
| DTE Energy - Heat | $582.00 | | | $582.00 | $600.00 | $600.00 | $700.00 | $900.00 | $3,964.00 |
| Software | $161.00 | | | $41.00 | $885.00 | $885.00 | $885.00 | $885.00 | $3,742.00 |
| Subscriptions | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Trade Show | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sales Tax Escrow | $750.00 | $500.00 | | | $500.00 | $500.00 | $500.00 | $500.00 | $3,250.00 |
| Travel | $0.00 | $0.00 | $0.00 | $0.00 | | | | | $0.00 |
| Trash Services | $94.00 | | $94.00 | | $94.00 | $94.00 | $94.00 | $94.00 | $564.00 |
| Vehicle Expense | | | | | | | | | $0.00 |
| Warehouse Expenses | $1,799.33 | $649.33 | $150.00 | | $1,799.33 | $1,799.33 | $4,549.33 | $799.33 | $11,545.98 |
| Payment Processing Fees | | | | | | | | | $0.00 |
| Bankruptcy Payments | | | | | | | | | $0.00 |
| Bankruptcy Attorney (Perry Pastula) | $5,000.00 | | | | $5,000.00 | | | $10,000.00 | $20,000.00 |
| Bankruptcy Trustee | $2,500.00 | | | | $2,500.00 | | | $5,000.00 | $10,000.00 |
| Bookkeeping | | $1,500.00 | | | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $7,500.00 |
| Tax Accountants | $60.00 | $60.00 | | | $60.00 | $60.00 | $60.00 | $60.00 | $360.00 |
| Plan and Adequate Protection Payments | | $2,000.00 | | | $2,000.00 | $2,000.00 | $2,000.00 | $15,000.00 | $23,000.00 |
| | | | | | | | | | |
| | $40,883.83 | $17,110.33 | $48,239.28 | $917.00 | $98,327.50 | $110,827.50 | $141,310.50 | $166,157.50 | $623,773.44 |
| Net Monthly Cash Flow for Month | $19,116.17 | -$17,110.33 | $6,260.72 | -$917.00 | $16,672.50 | $15,172.50 | $23,689.50 | $28,842.50 | $91,726.56 |
| | $0.00 | | | | | | | | |
| Beginning Cash | $2,375.00 | $2,375.00 | $21,491.17 | $4,380.84 | $10,641.56 | $9,724.56 | $26,397.06 | $41,569.56 | $65,259.06 |
| Net Cash Flow for Period | $0.00 | $0.00 | -$17,110.33 | -$6,260.72 | -$917.00 | $16,672.50 | $15,172.50 | $23,689.50 | $28,842.50 |
| Month End Cash | $2,375.00 | $2,375.00 | $21,491.17 | $4,380.84 | $10,641.56 | $26,397.06 | $41,569.56 | $65,259.06 | $94,101.56 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

LIKEMIND BRANDS INC.,

Debtor.

Chapter 11
Case No. 24-02042

Hon. James W. Boyd

**INTERIM ORDER AUTHORIZING
DEBTOR'S USE OF CASH COLLATERAL AND FOR ADEQUATE PROTECTION AND
SCHEDULING FINAL HEARING**

The Motion of Debtor for Entry of Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection and Related Relief to Pre-Petition Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief (the "Cash Collateral Motion"), the Debtor also having filed Debtor's Ex-Parte Motion for Emergency Hearing on First Day Motions ("Motion for Expedited Hearing"), the Court having issued its August ___, 2024 Order Granting Debtor's Ex-Parte Motion for Emergency Hearing on First Day Motions ("Order for Emergency Hearing"), The Debtor having duly served the U.S. Trustee, the Debtor's secured creditors, the Debtor's 20 Largest unsecured non-insider creditors by electronic mail, facsimile, or overnight delivery to the best available address by August ___, 2024 at 5:00 p.m. Eastern Time, the preliminary hearing on the Cash Collateral Motion having been held as scheduled, counsel for the Debtor, Office of the U.S. Trustee and the Subchapter V Trustee having appeared at the preliminary hearing held August ___, 2024 in this Court, the Court having considered the Cash Collateral Motion, arguments of counsel and offers of proof, and the Court being otherwise fully advised in the premises:

NOW THEREFORE, IT IS HEREBY ORDERED that the Cash Collateral Motion is

GRANTED on an interim basis pending the conclusion of the final hearing on the Cash Collateral Motion on the terms set forth herein;

IT IS FURTHER ORDERED, that the Debtor is authorized to use the cash collateral for the cash expenditures listed on attached **Exhibit A** pending the conclusion of the final hearing on the Motion;

IT IS FURTHER ORDERED, that all creditors claiming a security interest in the cash collateral are granted a continuing and replacement security interest in the Debtor's cash collateral, but excluding any rights of the Debtor and Debtor-in-Possession under 11 U.S.C. §§ 544, 545, 546, 547, 548, 549 and 550, in the same order, rank and priority and with the same validity that existed as of the Petition Date. However, the cash collateral secured creditors will not improve their position regarding the value of their secured claims and cash collateral as of the Petition Date. Moreover, the continuing replacement security interest will not grant the creditors an interest in any property in which the creditor did not have a properly perfected security interest as of the Petition Date.

IT IS FURTHER ORDERED; the Debtor shall provide the cash collateral secured creditors, Subchapter V Trustee of Office of the United States Trustee with financial information regarding the cash collateral as reasonably requested.

IT IS FURTHER ORDERED, the final hearing on the Cash Collateral Motion shall be held before the Honorable James W. Boyd on **August \_\_\_\_\_, 2024 at _____, Eastern Time** at the U.S. Bankruptcy Court, in the Courtroom B of the Honorable James W. Boyd at One Division Ave. NW, Grand Rapids, Michigan. , or as soon thereafter as counsel may be heard.

IT IS FURTHER ORDERED, counsel for the Debtor shall serve a copy of this Order via first class U.S. Mail on: (a) the United States Trustee; (b) all of the Debtor's secured creditors; (c)

the parties included on the Debtor's list of 20 largest unsecured creditors; (d) the Subchapter V Trustee; and (e) any parties that have filed notices of appearance or requests for notice at the mailing addresses listed on the Court's official mailing list in this case. Service shall be made on or before **August _____, 2024 at 5:00 p.m., Eastern Time**.

**Prepared By:**
Perry G. Pastula (P35588)
Dunn, Schouten & Snoap, P.C.
2745 DeHoop Ave. SW
Wyoming, MI 49509
(616) 538-6380

**END OF ORDER**

# EXHIBIT A

| | 8/5/2024 | 8/12/2024 | 8/19/2024 | 8/26/2024 | September | October | November | December | Year End |
|---|---|---|---|---|---|---|---|---|---|
| Sales Revenues | $60,000.00 | | $54,500.00 | | $115,000.00 | $126,000.00 | $165,000.00 | $195,000.00 | $715,500.00 |
| | | | | | | | | | $0.00 |
| Inventory Purchases | | $7,500.00 | $20,000.00 | | $20,000.00 | $35,000.00 | $45,000.00 | $30,000.00 | $157,500.00 |
| Advertising and Marketing | | | | | | | | | $0.00 |
| Amazon closing, fulfillment and other fees | $27,280.12 | | $27,280.12 | | $52,500.00 | $57,500.00 | $75,000.00 | $90,000.00 | $329,560.24 |
| Bank Fees | $30.00 | | | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $180.00 |
| Credit Card fees | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Dental and Health Ins. | $165.16 | | $165.16 | | $165.16 | $165.16 | $165.16 | $165.16 | $990.96 |
| Education and Training | | | | | | | | | $0.00 |
| Electric | $338.72 | | $286.00 | | $339.00 | $339.00 | $339.00 | $339.00 | $1,980.72 |
| Internet | $203.00 | | | | $203.00 | $203.00 | $203.00 | $203.00 | $1,015.00 |
| Payroll | | $4,500.00 | | | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $22,500.00 |
| Payroll taxes | $1,200.00 | | | | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 | $6,000.00 |
| Business Insurance | $456.50 | | | | $456.50 | $456.50 | $456.50 | $456.50 | $2,282.50 |
| Meals and Entertainment | $0.00 | | $0.00 | $0.00 | | | | | $0.00 |
| Membership Fees | $0.00 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Mercari Fees | | | | | | | | | $0.00 |
| Office Supplies | $264.00 | $401.00 | $264.00 | $264.00 | $1,193.00 | $1,193.00 | $1,326.00 | $1,723.00 | $6,628.00 |
| Rent | $0.00 | $0.00 | $0.00 | $0.00 | $2,802.51 | $2,802.51 | $2,802.51 | $2,802.51 | $11,210.04 |
| Quickbook fees | | | | | | | | | $0.00 |
| DTE Energy - Heat | $582.00 | | | $582.00 | $600.00 | $600.00 | $700.00 | $900.00 | $3,964.00 |
| Software | $161.00 | | | $41.00 | $885.00 | $885.00 | $885.00 | $885.00 | $3,742.00 |
| Subscriptions | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Trade Show | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sales Tax Escrow | $750.00 | $500.00 | | | $500.00 | $500.00 | $500.00 | $500.00 | $3,250.00 |
| Travel | $0.00 | $0.00 | $0.00 | $0.00 | | | | | $0.00 |
| Trash Services | $94.00 | | $94.00 | | $94.00 | $94.00 | $94.00 | $94.00 | $564.00 |
| Vehicle Expense | | | | | | | | | $0.00 |
| Warehouse Expenses | $1,799.33 | $649.33 | $150.00 | | $1,799.33 | $1,799.33 | $4,549.33 | $799.33 | $11,545.98 |
| Payment Processing Fees | | | | | | | | | $0.00 |
| Bankruptcy Payments | | | | | | | | | $0.00 |
| Bankruptcy Attorney (Perry Pastula) | $5,000.00 | | | | $5,000.00 | | | $10,000.00 | $20,000.00 |
| Bankruptcy Trustee | $2,500.00 | | | | $2,500.00 | | | $5,000.00 | $10,000.00 |
| Bookkeeping | | $1,500.00 | | | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $7,500.00 |
| Tax Accountants | $60.00 | $60.00 | | | $60.00 | $60.00 | $60.00 | $60.00 | $360.00 |
| Plan and Adequate Protection Payments | | $2,000.00 | | | $2,000.00 | $2,000.00 | $2,000.00 | $15,000.00 | $23,000.00 |
| | $40,883.83 | $17,110.33 | $48,239.28 | $917.00 | $98,327.50 | $110,827.50 | $141,310.50 | $166,157.50 | $623,773.44 |
| Net Monthly Cash Flow for Month | $19,116.17 | -$17,110.33 | $6,260.72 | -$917.00 | $16,672.50 | $15,172.50 | $23,689.50 | $28,842.50 | $91,726.56 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $2,375.00 | $2,375.00 | | $4,380.84 | $10,641.56 | $26,397.06 | $41,569.56 | $65,259.06 | |
| Net Cash Flow for Period | $19,116.17 | -$17,110.33 | | $6,260.72 | -$917.00 | $16,672.50 | $15,172.50 | $23,689.50 | $28,842.50 |
| Month End Cash | $21,491.17 | $4,380.84 | $10,641.56 | $9,724.56 | $26,397.06 | $41,569.56 | $65,259.06 | $94,101.56 | |