UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                   Case No. BT 24-02042
                                                           Chapter 11

LIKEMIND BRANDS, INC,                  Subchapter V

        Debtor.
_____/

### **DEFINITIVE ORDER FOR DEBTOR-IN-POSSESSION**

PRESENT:   HONORABLE JAMES W. BOYD
                             United States Bankruptcy Judge

On August 2, 2024, LikeMind Brands, Inc., (referred to herein as the "Debtor" or "Debtor-in-Possession") filed its Chapter 11, Subchapter V, bankruptcy petition. (Dkt. No. 1). Accordingly, the court has determined to enter this Order without the need for a hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. **Authorization.**  Pursuant to 11 U.S.C. §§ 363, 1184, and 1186(b), the Debtor, as "Debtor-in-Possession", is authorized to remain in possession of its assets and to continue operations in the ordinary course of business until further order of the court.

2. **Use of Cash Collateral Prohibited**.  The Debtor will not use cash collateral as defined in § 363 of the Bankruptcy Code, absent the consent of each entity with an interest in the cash collateral, or as authorized by this court. Motions for use of cash collateral must comply with Bankruptcy Rule 4001(b). Motions for approval of an agreement for the use of cash collateral must comply with Bankruptcy Rule 4001(d).  <u>See</u> LBR 4001-2 and LBR 4001-3.  Nothing in this Order, however, shall be deemed or construed to authorize the use of cash collateral.

3. **Payment of Pre-Petition Debts Prohibited**.  The Debtor will not pay debts incurred prior to the filing of the petition, including taxes, unless such payments are authorized by this court.

4. **Payment of Professional Fees**.  No fees shall be paid to any attorney, appraiser, accountant, auctioneer, or other professional person retained under either § 327 or §1103 of the Bankruptcy Code unless authorized by order of this court.

5. **Bookkeeping**.  As of the date of filing, the Debtor shall close its existing books and open new ones, maintaining a full and accurate accounting with respect to receipts, disbursements, purchases, accounts receivable, and accounts payable.

6. **Authorized Bank Accounts**.

(a)  The Debtor shall close existing bank accounts and shall open new accounts in the name of the Debtor-in-Possession at a financial institution approved by the United States Trustee.  All cash assets of the Debtor shall be transferred to and held in authorized Debtor-in-Possession accounts.  The Debtor shall maintain a segregated tax escrow account for the payment of taxes.

(b)  The Debtor's checks shall bear the term "Debtor-in-Possession" and the Debtor's case number.

(c) Financial institutions which open accounts for any Debtor-in-Possession shall comply with § 345(b) of the Bankruptcy Code.

7. **Tax Escrow Requirements**.

(a)  Within thirty (30) days of the entry of this Order, the Debtor shall file all tax returns which were delinquent as of the date of filing of this case.  The Debtor shall pay all federal, state, and local tax liabilities incurred after the filing of the case, including property taxes, as they become due, and shall file all reports, returns, or other documents required to be filed on the dates due.  The Debtor shall pay federal taxes using depository receipts and shall file returns as required by Internal Revenue Service regulations. Pre-petition taxes shall not be paid unless payment is authorized by this court.

(b)  Pending payment of taxes, the Debtor shall deposit all funds necessary to pay its taxes, whether federal, state, or local, in its segregated tax escrow account.  This includes those taxes which applicable law requires the Debtor to collect from others and to pay over to the taxing authority (e.g., funds due the Internal Revenue Service under §§ 3102, 3402(a), 3111, and 3301 of the Internal Revenue Code of 1986).  All taxes of any description should be paid from the tax escrow account.

8. **United States Trustee**.  The Debtor shall furnish to the United States Trustee such reports and information as the United States Trustee may reasonably require to supervise the administration of the estate. Such reports shall be signed by the Debtor or an authorized representative who shall assure their accuracy and attest to it.  The originals of such reports and information shall be filed with the Clerk of the Court.  Copies shall be served upon the Office of the United States Trustee, The Ledyard Building, 2nd Floor, 125 Ottawa NW, Suite 200R, Grand

Rapids, MI 49503, the Subchapter V Trustee, and the chair and attorneys for any committee which has been appointed in the case pursuant to 11 U.S.C. §§ 1102(a)(3) and 1181(b).

9. **Required Insurance**. The Debtor shall maintain adequate insurance coverage on all assets of the estate and shall maintain insurance for the protection of its employees and customers.

10. **Plan Date**. The Debtor shall file a plan of reorganization in accordance with 11 U.S.C. § 1189.

11. **Amendments**. This Definitive Order is subject to amendment by the court on its own initiative or upon the motion of any interested party.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the following entities:

(a) Debtor-In-Possession;
(b) Attorney for the Debtor-in-Possession;
(c) Internal Revenue Service, Centralized Insolvency Operation;
(d) Michigan Department of Treasury;
(e) Michigan Unemployment Insurance Agency;
(f) The United States Trustee;
(g) The twenty largest creditors as described pursuant to Fed. R. Bankr. P. 1007-I(d);
(h) The Subchapter V Trustee;
(i) The attorneys for any committee which has been appointed in the case pursuant to 11 U.S.C. §§ 1102(a)(3) and 1181(b); and
(j) All other persons requesting notice in this case to date.

IT IS FURTHER ORDERED that the Debtor shall serve a copy of this Order either by depositing said Order in the United States First Class Mail, postage prepaid, upon the following entities:

(a) All secured creditors;
(b) Each bank holding an authorized account of the Debtor;
(c) All present officers, directors, and controlling entities of the Debtor, if any, and upon their successors upon notification of their appointment; and
(d) The chair for any committee which has been appointed in the case pursuant to 11 U.S.C. §§ 1102(a)(3) and 1181(b).

The Debtor shall file a proof of service with regard to service of these parties with the Clerk of the Bankruptcy Court.

END OF ORDER

**IT IS SO ORDERED.**

Dated August 5, 2024



James W. Boyd
United States Bankruptcy Judge